LUTHER F. WHITNEY *vs.* JAMES LEE, Jr.
SAME *vs.* SAME.
SAME *vs.* SAME.

A way appurtenant to a close is appurtenant to every parcel into which the close may be divided.

THREE actions of tort for obstructions to a right of way. The following facts were agreed: Thomas B. Wales and others, trustees, under whom both parties claimed, conveyed to P. S. Briggs the whole of lot No. 43 on Monument Square, Charlestown, with the right to use a certain private passage way over the adjoining lots, Nos. 42 and 41, to Chestnut Street. The plaintiff afterwards became the owner, by mesne conveyances, of that portion of lot No. 43 which abutted upon the end of the passage way. The defendant became the owner of lots 42 and 41, by deeds which included in their description that portion of the way which bounded on the lots, and caused a building to be erected and maintained upon the same and across the way claimed by the plaintiff. Since the plaintiff became the owner of the land purchased by him, and before the commencement of his actions, he requested the defendant to remove the building so that he could use the way, which the defendant declined to do. If the plaintiff has such a way as he claims, then the same has been obstructed by the defendant. The land of the plaintiff described in his writs adjoins other land owned by him which bounds on Wallace Court, a private court. If the plaintiff is entitled to maintain his actions, damages are to be assessed by the court without a jury.

On the foregoing facts judgment was rendered in the superior court for the plaintiff, with one dollar damages, and the defendant appealed.

*G. W. Warren,* for the defendant. The subdivision of the lot to which the way was originally annexed, and the addition of another lot by the plaintiff to his portion of the original lot, defeats the right of way. 4 Vin. Ab. 514. *Chimin Private*

(*a.* 2), 3. *Howell* v. *King,* 1 Mod. 190. *Davenport* v. *Lamson,* 21 Pick. 72.

*C. Robinson, Jr.* for the plaintiff.

CHAPMAN, J. As these cases come before the court upon an agreed statement of facts, the questions argued for the defendants in respect to the pleadings are immaterial, for the agreement supersedes such questions. The plaintiff's close is part of a larger one to which the way in question was made appurtenant by the deeds under which the parties hold their respective titles. A way appurtenant to a close is appurtenant to every parcel into which the close may be divided. *Underwood* v. *Carney,* 1 Cush. 285.

The plaintiff's close is that part of the original one to which the way leads, and is the only part in connection with which it can now be used. As the defendant has obstructed it, judgment must be rendered for the plaintiff; the damages to be nominal